UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER R. FITZGERALD,

Plaintiff,

v.

DAVE HANDY, et al.,

Defendants.

CASE NO. 3:26-CV-5855-BHS-DWC

ORDER DECLINING SERVICE

Plaintiff Christopher R. Fitzgerald, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by September 30, 2026, to cure the deficiencies identified herein.

**I. Background**

Plaintiff, who is housed at Coyote Ridge Corrections Center, alleges Defendants Dave Handy, K. Rago, and Spaulding, employees of the Cowlitz County Sheriff's Office, violated his constitutional rights when they detained Plaintiff's daughter, K.F., without notifying Plaintiff. *See* Dkt. 6. Plaintiff also brings claims on K.F.'s behalf. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

First, Plaintiff names his minor daughter, K.F., as a plaintiff in this action and seeks to bring multiple claims on her behalf. A non-lawyer "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987). "[W]hether a parent can bring a *pro se* lawsuit on behalf of a minor 'falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court.'" *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *Brown v. Ortho Diagnostic Sys., Inc.,* 868 F.Supp. 168, 172 (E.D.Va.1994)). Therefore, the Ninth Circuit has held "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877. Therefore, K.F. cannot continue as a plaintiff in this lawsuit unless an attorney enters an appearance on behalf of K.F.

Second, Plaintiff's claims arise from Defendants' alleged failure to provide him with parental notification. Dkt. 6. Plaintiff appears to allege he contacted Defendants in 2021 and notified them that they were not allowed to question K.F. without him present. Dkt. 6. Then, in 2025, Defendants detained K.F. without contacting Plaintiff. *Id.*

"The Fourteenth Amendment's Due Process Clause protects parents' well-established liberty interest in the companionship, care, custody, and management of their children." *James v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010) (cleaned up, internal quotations omitted). However, Plaintiff has not cited, nor does the Court find, case law establishing a constitutional right to parental notification prior to police detaining a child regarding criminal activity. While the Juvenile Delinquency Act ("JDA") requires an arresting officer to immediately notify a juvenile's parents when the juvenile is taken into custody for an alleged act of juvenile delinquency, 18 U.S.C. § 5033, "the JDA is a statute, not a constitutional rule requiring heightened protection," *United States v. Guzman*, 879 F. Supp. 2d 312, 322 (E.D.N.Y. 2012). Further, courts have found there is no constitutional requirement for parental notification by school officials prior to a police interrogation of a child, at school, regarding criminal activity. *See Brinar v. Bethel School Dist. No. 403*, 2011 WL 2144621, at *4 (W.D. Wash. May 31, 2011).

Plaintiff does not appear to have a constitutional right to be contacted by law enforcement when his child is detained by law enforcement for alleged criminal activity. Further, it appears Plaintiff was in custody at the time of the alleged incident and could not be contacted. As Plaintiff does not appear to have a constitutional right to parental notification in this situation and has not shown that he could have been contacted, he has failed to state a claim upon which relief can be granted under §1983.

Finally, Plaintiff's Complaint is 51 pages long and difficult to understand. *See* Dkt. 6. The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The Complaint fails to contain a *short* and *plain* statement explaining how Plaintiff is entitled to relief. "[T]he Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005). As Plaintiff has not filed a complaint that contains a short, plain statement showing he is entitled to relief, the Court declines to serve the Complaint.

**III. Instruction to Plaintiff and the Clerk**

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is directed to show cause why this case should not be dismissed. In the alternative, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before **September 30, 2026**. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 28th day of August, 2026.

David W. Christel
United States Magistrate Judge